UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 23-49848

ADRIENNE DANNETTE FITZGERALD, *pro se*,                   Chapter 7

            Debtor.                                       Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S MOTION TO REOPEN THIS
BANKRUPTCY CASE, BUT GRANTING THE DEBTOR'S REQUEST TO WAIVE THE
FILING FEE FOR THE MOTION TO REOPEN**

This case is before the Court on the motion filed by the Debtor on April 6, 2026, entitled

"Motion [to] Reopen Case to File My Financial Management Course and Waive the Re-Opening

Fee" (Docket # 26, the "Motion"). The Motion seeks to reopen this bankruptcy case, to enable

the Debtor to file a Financial Management Course Certificate, which is now known as

"Certificate of Debtor Education" ("Certificate"), and then receive a discharge (*see* Mot. at ¶ 1).

This case was closed on February 27, 2024, without a discharge, due to the Debtor's failure to

timely file the Certificate. The Motion was not filed until two years and thirty-eight days after

this case was closed. For the following reasons, the Court will deny the Motion.

**A. Background**

The Debtor filed a voluntary petition for relief under Chapter 7 on November 9, 2023,

commencing this case. That same day, the Clerk issued a notice that the first meeting of

creditors would be held on December 14, 2023 at 2:00 p.m. (Docket # 9, the "Notice"). The

Notice was served directly on the Debtor by e-mail, through the Bankruptcy Noticing Center, on

November 9, 2023. (*See* Docket # 10 at pdf p. 3).

Under Fed. R. Bankr. P. 1007(b)(7),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file the Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was February 12, 2024.

The Debtor failed to file the Certificate by the February 12, 2024 deadline, or at any time thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On February 27, 2024, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate (Docket # 23). Notice of the Final Decree entered that day (Docket # 24) was served by the Bankruptcy Noticing Center

---

[1] Fed. R. Bankr. P. 1007(b)(7) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider has notified the court that the debtor has completed a course in personal financial management after filing the petition . . . an individual debtor in a chapter 7 . . . case must file a certificate of course completion issued by the provider.

[2] Fed. R. Bankr. P. 1007(c)(4)(A) requires that the Certificate be filed in a Chapter 7 case within 60 days after the first date set for the meeting of creditors under § 341 of the Code.

[3] Under Fed. R. Bankr. P. 4004(c)(1)(H), a Chapter 7 discharge may not be granted if "the debtor has not filed a certificate showing that a course on personal financial management has been completed[.]"

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
> . . .
>
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111[.]

2

by email on the Debtor and some of the creditors on February 27, 2024, and by mail on the remainder of the creditors on February 29, 2024. (Docket # 24 at pdf p. 2-3). That notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id*. at pdf p. 1).

Two years and more than a month later, on April 6, 2026, the Debtor filed the Motion (Docket # 26). The Motion states:

> 1. [Debtor states the following . . .]: Credit Counseling and Debtor Education Courses taken accordingly.
> . . .
>
> 3. Debtor requests to waive the $260.00 Re-Open Case fee.

## B. Discussion

The Motion does not allege any reason, let alone a valid excuse, for either (1) the Debtor's failure to timely complete the financial management course and file the required Certificate; or (2) the Debtor's waiting more than two years and a month after this case was closed before she moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[5] and Local Bankruptcy Rule 5010-1[6] govern motions to reopen a case for the purpose of filing a Financial Management Course Certificate. Bankruptcy Code Section 350(b) states that "a case may be

---

[5] Bankruptcy Rule 5010 states, in relevant part, that "[o]n the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case." Fed. R. Bankr. P. 5010.

[6] Local Bankruptcy Rule 5010-1(b) states, in relevant part, that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must first file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

3

reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).  Here, the Debtor seeks to reopen the case, in essence, to move for an order granting the Debtor a retroactive extension of time to file the Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted).  "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio Aug. 22, 2016) (citation omitted).  The Debtor has the burden of establishing that "cause" exists to reopen this case.  *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may extend the time to . . . file the certificate statement required by Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . but only as permitted by Rule 1007(c)."  Fed. R. Bankr. P. 9006(b)(3)(B). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "on motion and for cause, [to] extend the time to file" the Financial Management Course Certificate.  *See* Fed. R. Bankr. P. 1007(c)(7).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the debtor had not completed a post-petition financial management course, and filed the motion to reopen and a

4

Financial Management Course Certificate, all within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Coleman,* No. 23-47081, 2025 WL 914479 (Bankr. E.D. Mich. Mar. 25, 2025) (delay of one year and four months); *In re Brantley*, 667 B.R. 139 (Bankr. E.D. Mich. 2025) (delay of one year and three months); *In re Posey-Johnson,*, No. 17-57446, 2024 WL 4798824 (Bankr. E.D. Mich. Nov. 14, 2024) (delay of 6 years and 7 months); *In re Clemons*, No. 23-46569, 2024 WL 4656920 (Bankr. E.D. Mich. Nov. 1, 2024)

5

(delay of just 2 days short of 12 months); *In re Gray,* 661 B.R. 570 (Bankr. E.D. Mich. 2024) (delay of more than 15 months); *In re Parker,* 659 B.R. 872 (Bankr. E.D. Mich. 2024) (delay of more than 17 months); *In re Nasralla,* 653 B.R. 247 (Bankr. E.D. Mich. 2023) (Chapter 13 case; delay of six and a half years); *In re Brown*, 651 B.R. 692 (Bankr. E.D. Mich. 2023) (delay of more than a year); *In re Davenport*, 650 B.R. 861 (Bankr. E.D. Mich. 2023) (delay of more than 11 months); *In re Odoms*. 649 B.R. 11 (Bankr. E.D. Mich. 2023) (delay of more than two years); *In re Johnson*, 643 B.R. 190 (Bankr. E.D. Mich. 2022) (delay of more than a year); *In re Flake*, 642 B.R. 261 (Bankr. E.D. Mich. 2022) (Chapter 13 case; delay of more than 3 years); *In re Keller*, 638 B.R. 582 (Bankr. E.D. Mich. 2022) (delay of more than 21 months); *In re Page*, 637 B.R. 1 (Bankr. E.D. Mich.  2022) (delay of more than 19 months); *In re Williams*, 636 B.R. 484 (Bankr. E.D. Mich. 2022) (delay of more than 20 months); *In re Lewis*, 635 B.R. 157 (Bankr. E.D. Mich. 2022) (Chapter 13 case) (delay of more than two years); *In re Motley*, 635 B.R. 150 (Bankr. E.D. Mich. Jan. 14, 2022) (delay of almost 3 years); *In re Brown*, 634 B.R. 748 (Bankr. E.D. Mich. 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021) (delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich.

6

2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply the four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a retroactive extension of the deadline to file the Financial Management Course Certificate.

### *Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not give *any* explanation, let alone a valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Financial Management Course Certificate, by the February 12, 2024 deadline; or (2) why the Debtor waited for two years and thirty-eight days after this case was closed on February 27, 2024 before she moved to reopen the case. This factor weighs against granting the Motion.

The Motion does not state that the Debtor did not know about this requirement and the deadline to file the Certificate. Even if the Debtor were to allege this, such an allegation is not supported by any evidence (*e.g.*, an affidavit of the Debtor). And the evidence in the record

7

shows that the Debtor knew well in advance about the requirement and deadline to file the Certificate.

The Debtor received ample advance notice of the requirement to file the Financial Management Course Certificate to obtain a discharge. And although not required to do so, the Clerk of this Court even reminded the Debtor of the requirement to file the Financial Management Course Certificate, and the deadline for doing so, in a notice filed on December 27, 2023. (Docket # 19). The notice was served on the Debtor by e-mail on December 27, 2023 through the Bankruptcy Noticing Center. (*See* Docket # 21 at pdf p. 2). The notice stated:

> **NOTICE OF REQUIREMENT TO FILE A CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion.

(Docket # 21) (footnote omitted) (bold in original).

Even assuming that the Debtor did not know, or that she forgot, that she had to file the Certificate to obtain a discharge, she cannot reasonably and credibly allege that she did not know that this case was closed without a discharge. The Debtor received the "Notice of Chapter 7 Case Closed Without Discharge" on February 27, 2024. That Notice clearly stated that this case "has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (Docket ## 23, 24.)

The Motion also does not explain why the Debtor waited for two years and thirty-eight days after the case was closed to move to reopen the case. As already stated, the Debtor was informed, by the Notice described above, which was emailed to her on February 27, 2024, that this case had been closed without a discharge, and why it had been so closed.[7] Yet the Debtor did nothing to try to rectify this for more than two years and a month afterwards. The Motion alleges no reason whatsoever, let alone a valid excuse, for such a long delay by the Debtor in moving to reopen this case.

***Factor 2: whether the request was timely***

The delay of two years and thirty-eight days in the Debtor moving to reopen this case is far too long, Such long delays frustrate the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the court explained:

> Congress added participation in a post-petition financial
> management instructional course as a condition to obtaining a
> Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy
> Abuse Prevention and Consumer Protection Act of 2005. 11

---

[7] The Motion does not allege that the Debtor did not receive this Notice. And there is no indication in the record that the mail was returned as undelivered.

U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.

. . . .

"The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

Here, as in *Chrisman*, the Debtor did not timely complete either the instructional component or the paperwork component of the financial management instructional requirement. The Court finds that the Congressional purposes in adding the post-petition financial management instructional requirement have been stymied in this case. The magnitude of the Debtor's delay in completing the financial management course and moving to reopen this case is significant, and this factor strongly weighs against granting the Motion.

### Factor 3: whether fault lies with counsel

The Debtor was not represented by counsel in this case. The fault of her failure to timely

10

complete the Financial Management Course and to file a Financial Management Course Certificate lies entirely with the Debtor. This factor weighs against granting the Motion.

***Factor 4: whether creditors are prejudiced***

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still very long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a very long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor has failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that the Debtor's request to waive the $260.00 filing fee for the Motion (which is the filing fee for a motion to reopen a case) is granted, and such filing fee is waived.

IT IS FURTHER ORDERED that in all other respects, the Motion is denied.

**Signed on April 9, 2026**



**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**

11